**Amando R. FLORES; Maria**
**Flores,* Petitioners,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 04–75086.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.**

Decided April 10, 2006.

Ted Laguatan, Law Offices of Ted Laguatan and Associates, Daly City, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, DOJ—U.S. Department

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The clerk is ordered to correct the docket to reflect the proper spelling of Amando R. Flores's name.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM ***

Amando R. Flores and Maria Flores, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") order denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

Petitioners contend that their due process rights were violated when the IJ refused to adjudicate their case under the rules for suspension of deportation. This contention is unavailing because the agency's decision to commence removal proceedings after April 1, 1997, meant that IIRIRA's permanent provisions applied. *See Ramirez–Zavala v. Ashcroft*, 336 F.3d 872, 874–75 (9th Cir.2003); *see also Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1108 (9th Cir.2003) (holding that placing aliens in removal, rather than deportation, proceedings by itself does not amount to a due process violation).

We lack jurisdiction to review petitioners' challenge to the agency's decision to commence removal rather than deportation proceedings against them. *See* 8 U.S.C. § 1252(g); *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002)

(noting that this court lacks jurisdiction "to review the timing of the Attorney General's decision to commence proceedings.") (internal citations and quotation marks omitted).

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.